DECUIR, Judge.
Bernadine Davis appeals the judgment of the Office of Workers’ Compensation dismissing her claim for workers’ compensation benefits claiming that the hearing officer’s ruling that she failed to prove a work-related accident is manifestly erroneous and not supported by the evidence. We affirm.
Plaintiff claims to have sustained a back injury during the course and scope of her employment with Jennings Manufacturing Company on February 15, 1995, while reaching for a box of waistbands. After trial, the hearing officer found that plaintiff failed to prove by a preponderance of the evidence that the alleged injury occurred as a result of the work incident, stating in reasons for judgment: “the court believes it is just as possible, if not probable, that Ms. Davis experienced back and leg complaints as the result of a serious hemorrhoid and rectal fissure problem.”
An appellate court may not set aside the factfinder’s findings of fact in the absence of manifest error, and where there is conflict in the testimony, reasonable Revaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). The “manifest error-clearly wrong” standard is applicable in workers’ compensa *563 tion cases. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. Where a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell, Id. Applying this standard, we find no manifest error in the hearing officer’s findings.
It is undisputed that plaintiff did not report the alleged work accident to her employer until almost one month after the incident. Jody Doucet, plaintiffs supervisor, and Bob Prejean, plant manager, both testified that on March 14,1995, plaintiff and her husband met with them to request that the company help pay for plaintiffs hemorrhoid surgery. It was only after plaintiff and her husband were advised that the hemorrhoid surgery would not be covered by workers’ compensation that Doucet and Prejean were advised of the alleged work-related injury.
Ms. Davis’ credibility was called into question by business records contradicting her testimony regarding absenteeism prior to the alleged work injury. Additionally, Ms. Davis did not report the work-related injury to her treating physician until April 5, 1995, almost seven weeks after the alleged incident. Ms. Davis saw her family physician, Dr. Louis Shirley, for the first time after the alleged injury on March 2, 1995, for a hemorrhoid condition. She complained at that time of back and leg pain and hemorrhoids. Dr. Shirley testified that many people who have hemorrhoids experience leg and back pain, and he attributed the back and leg pain at that time to the hemorrhoid condition. Dr. Shirley’s initial diagnosis was ^hemorrhoids and rectal fissure, which Dr. Shirley explained as a chronic tear in the rectum that produces chronic spasm to the rectum, more hemorrhoids and more back and leg pain. Dr. Shirley does not relate the hemorrhoid condition to plaintiffs employment. Ms. Davis did not relate the alleged work incident to Dr. Shirley until April 5, 1995. It was only after this visit that Dr. Shirley opined plaintiff had sustained a work related injury.
Plaintiff was subsequently examined by Dr. Gregory Gidman, orthopedic surgeon. Dr. Gidman ordered an MRI which reflected normal findings. Dr. Gidman was of the opinion that there was no organic reason for plaintiffs complaints. He indicated there was no evidence of spinal pathology and recommended that plaintiff could resume all normal activities. Dr. Gidman was of the opinion that plaintiffs whole examination was “totally theatrical.”
Dr. Patrick Juneau, neurosurgeon, reviewed the film studies and MRI ordered by Dr. Gidman and indicated normal findings. Like Dr. Gidman, Dr. Juneau did not testify, but his medical report was admitted into evidence. Dr. Juneau concluded there was no evidence that Ms. Davis’ nerve roots were at any more risk for injury than anyone in the general population. Although Dr. Juneau recommended that Ms. Davis be seen by a physical medicine specialist, his examination was objectively normal, and he placed no restrictions on her activities. As the hearing officer notes, Dr. Juneau’s records do not reflect that he was supplied with any information regarding plaintiffs hemorrhoid condition.
Finally, Lena Handy, plaintiffs fiiend and co-worker and the only fact witness to testify on plaintiffs behalf, testified by deposition that she saw plaintiff remove boxes from the shelf, but did not notice any unusual reaction when plaintiff lifted the box.
¡¿Applying the rules of appellate review to the circumstances of this case, we cannot find manifest error in the hearing officer’s ruling.
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., dissents with written reasons.